

**ORDERED in the Southern District of Florida on March 3, 2014.**

*Tagged Opinion*

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | CASE NO. 13-27877-BKC-LMI |
| OMAR CASTILLO and MELIDA LAFONTAINE, | Chapter 13 |
| Debtors. | |
| _____/ | |

### ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

This matter came before the Court on the Trustee's Objection to Exemptions (ECF #25). The Court has reviewed the written and oral arguments of Debtor's counsel and Trustee's counsel, and has considered the applicable law and the facts as evidenced by the Debtor's schedules and other bankruptcy filings. Because the Debtor does not own the home in which he is living, even if the home is his family's homestead, the Debtor is entitled to the additional personal property exemptions of Fla. Stat. §222.25(4) (the "wildcard exemption"), and, therefore the Trustee's Objection to Exemptions is overruled.

The Debtor filed bankruptcy on July 30, 2013. In his schedules (ECF #1) the Debtor claimed exemptions in personal property pursuant to Fla. Stat. §222.25(4) which allows an exemption of "[a] debtor's interest in personal property, not to exceed $4,000, if the debtor does

not claim or receive the benefits of a homestead exemption under s.4, Art. X [*sic*] of the State Constitution.[1]" The Debtor lives in a home with his wife, which home is his family homestead. However, the Debtor does not have an ownership interest in the homestead. The Trustee argues that, although the Debtor does not have an ownership in the homestead, he nonetheless has the benefit of the homestead and therefore, pursuant to *Osborne v. Dumoulin,* 55 So. 3d 577 (Fla. 2011), the Debtor is not entitled to the wildcard exemptions.

The Debtor correctly argues that the holding in *Dumoulin* is limited to assets of the Debtor. In *Dumoulin* the Florida Supreme Court answered the following question (as restated)[2] certified by the Eleventh Circuit:

> Whether for the purpose of the statutory personal property exemption in section 222.25(4), a debtor in bankruptcy receives the benefits of Florida's article X, section 4, constitutional homestead exemption where the debtor owns homestead property but does not claim the homestead exemption in bankruptcy and the trustee's administration of the property is not otherwise impeded by the existence of the homestead exemption.

*Demoulin*, 55 So. 3d at 580.

In answering the restated certified question, and defining what are "the benefits" of the homestead, the Florida Supreme Court noted that the personal property exemption should be read liberally. The Court held that, since the wildcard exemption refers specifically to Article X, section 4 of the Florida Constitution, the benefits of the homestead referred to in Fla. Stat. §222.25(4) are limited to protection of owned property from forced sale and levy by creditors, and specifically does not apply to any other constitutional or statutory rights or exemptions or "any other advantages of owning or occupying a home." *Demoulin*, 55 So. 3d at 587.

---

[1] Section 4, Article X of the Florida Constitution provides
    (a) There shall be exempt from forced sale . . . the following property owned by a natural person:
        (1) a homestead . . .

[2] The question certified by the Eleventh Circuit was "Whether a debtor who elects not to claim a homestead exemption and indicates an intent to surrender the property is entitled to the additional exemptions for personal property under Fla. Stat. §222.25(4)."

The Florida Supreme Court also considered what does it mean to "receive the benefits". In answering this question the Court held that a debtor receives the benefits of the homestead even if the debtor does not affirmatively schedule the homestead as exempt, if the homestead is still protected from forced sale and levy. In addressing this issue, one of the cases the court examined was *In re Hernandez*, No. 07-16379-BKC-RAM, 2008 WL 1711528 (Bankr. S.D.Fla. April 10, 2008). In *Hernandez*, the debtor exempted his homestead property, not on the basis of Article X, section 4 of the Florida Constitution, but rather based on the tenancy by the entirety protections of his jointly owned property. The Court focused on the continued protection of the debtor's homestead from forced levy and insulation of the homestead from administration by the trustee. If the protection continues, notwithstanding the debtor not claiming the exemption, the debtor nonetheless is receiving the benefit of the constitutional protection.

In the instant case, unlike the cases involving tenancy by the entireties property, the Debtor could not exempt the homestead because it is not his property to exempt[3]. The property could never have been subject to administration by the trustee.[4]

In *Demoulin,* the Florida Supreme Court held that the benefits of the homestead relate solely to the benefits conferred by Article X, section 4 of the Florida Constitution. That section specifically exempts from forced levy "property owned". The Debtor does not own his homestead, and therefore the benefits of the homestead that he enjoys are not the benefits that deprive him of his wildcard exemption.

Accordingly the Trustee's objection is overruled.

---

[3] The Trustee has not disputed that tile to the homestead is in the wife's name only. However, the Debtor's counsel, inexplicably, did schedule the homestead on Schedule A, and on Schedule C as exempt, citing to Art. X §4, Fla. Const., even though the Debtor's schedules, in each instance, stated "debtor/wife only". Since the homestead is not the Debtor's property it should not have appeared on either schedule. This opinion does not excuse the Debtor from filing corrected schedules.

[4] Similarly, in a non-bankruptcy context, the Debtor's creditors would be prevented from seeking forced sale and levy of the homestead, not based on Article X, section 4, but rather because the homestead is not the Debtor's property.

3

# # #

Copies furnished to:
Mary Reyes, Esq.
Amy Carrington, Esq.

*Attorney Reyes is directed to serve a copy of this Order upon all parties in interest and file a certificate of service with the clerk of the court.*